IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JOEL HALLSTROM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No.   06 C 50238 |
| | ) |
| CITY OF BELVIDERE d/b/a | )  Judge Philip G. Reinhard |
| CITY OF BELVIDERE FIRE | ) |
| DEPARTMENT, | )  Magistrate Judge P. Michael Mahoney |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant, the City of Belvidere, for its answer to the complaint filed by plaintiff, Joel Hallstrom, states as follows:

### PARTIES AND JURISDICTION

1. This Complaint is brought for a violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et. seq. (the "ADA").

   **ANSWER:** Belvidere admits that Hallstrom's complaint alleges violations of the ADA, but specifically denies the factual allegations as more fully set forth below.

2. At all times relevant hereto, the Plaintiff, Joel Hallstrom ("Hallstrom"), was a resident of the State of Illinois.

   **ANSWER:** Belvidere admits that Hallstrom is a resident of Illinois.

3. At all times relevant hereto, the Defendant was a "covered entity", as that term is defined in Section 101 of Title I of the ADA, and located in the County of Boone and State of Illinois.

   **ANSWER:** Belvidere admits that it is an employer and covered entity within the meaning of the ADA, but affirmatively avers that the Belvidere Fire Department is a political subdivision not capable of being sued and, as such, the Belvidere Fire Department is improperly named in Hallstrom's complaint.

4.      At all times relevant hereto, the Defendant was an "employer" as that term is defined in Section 101 of the ADA.

> **ANSWER:** Belvidere admits that it is an employer and covered entity within the meaning of the ADA, but affirmatively avers that the Belvidere Fire Department is a political subdivision not capable of being sued and, as such, the Belvidere Fire Department is improperly named in Hallstrom's complaint.

5.      Hallstrom timely filed a Charge of Employment Discrimination against the Defendant with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights.

> **ANSWER:** Belvidere admits that Hallstrom filed a charge of discrimination with the IDHR and the EEOC but is without sufficient knowledge or information to form a belief as to the truth of allegations regarding timeliness.

6.      Hallstrom received a "Notice of Right to Sue" from the United States Department of Justice on September 11, 2006, a copy of which is attached hereto as Exhibit A.

> **ANSWER:** Belvidere admits the allegations of paragraph 6 of Hallstrom's complaint except that the right-to-sue letter was not attached to the copy of the complaint served on it and Belvidere is without sufficient knowledge or information to form a belief as to the truth of allegations regarding the date of receipt by Hallstrom.

## COUNT I

1.      Hallstrom incorporates paragraphs 1-4 listed above as paragraphs 1-4 of his Complaint.

> **ANSWER:** Belvidere re-alleges and incorporates by reference its answers to paragraphs 1 through 4 of Hallstrom's complaint as its answer to paragraphs 1 through 4 of count I.

5.      Hallstrom, as the result of a birth defect, is missing the portion of his left arm below his elbow.

> **ANSWER:** Belvidere admits the allegations of paragraph 5 of count I of Hallstrom's complaint.

6. Hallstrom is an individual with a "disability" as that term is defined in Section 3 of the ADA.

**ANSWER:** Belvidere admits the allegations of paragraph 6 of count I of Hallstrom's complaint.

7. On or about September 6, 2002, Hallstrom was hired by the Defendant as a probationary firefighter subject to his successful completion of the Elgin Fire Academy.

**ANSWER:** Belvidere admits that Hallstrom was conditionally hired as a probationary employee on September 6, 2002, but denies the inference that the only condition on successful completion of probation was completion of the Fire Academy.

8. On or about October 25, 2002, Hallstrom graduated from the Elgin Fire Academy.

**ANSWER:** Belvidere admits the allegations of paragraph 8 of count I.

9. On or about November 4, 2002, Hallstrom began working for the Defendant as a probationary firefighter.

**ANSWER:** Belvidere admits the allegations of paragraph 9 of count I.

10. Hallstrom, with or without reasonable accommodation, was and is capable of performing the essential functions of a firefighter.

**ANSWER:** Belvidere denies the allegations of paragraph 10 of count I.

11. The Defendant discriminated against Hallstrom by subjecting him to different and/or higher performance standards than other probationary firefighters.

**ANSWER:** Belvidere denies the allegations of paragraph 11 of count I.

12. Defendant's actions are in direct violation fo Title I of the ADA.

**ANSWER:** Belvidere denies the allegations of paragraph 12 of count I.

13. As a result of the Defendant's actions, Hallstrom has suffered damages in excess of $100,000.

> **ANSWER:** Belvidere denies the allegations of paragraph 13 of count I.

## COUNT II

1. Hallstrom incorporates paragraphs 1-10 of Count I as paragraphs 1-10 of Count II of his Complaint.

> **ANSWER:** Belvidere re-alleges and incorporates by reference its answers to paragraphs 1 through 10 of count I of Hallstrom's complaint as its answer to paragraphs 1 through 10 of count II.

11. The Defendant discriminated against Hallstrom by failing to make reasonable accommodations to the known physical limitations of Hallstrom, even through such accommodations would not have imposed an undue hardship on the operation of the business of the Defendant.

> **ANSWER:** Belvidere denies the allegations of paragraph 11 of count II.

12. Defendant's actions are in direct violation of Title I of the ADA.

> **ANSWER:** Belvidere denies the allegations of paragraph 12 of count II.

## COUNT III

1. Hallstrom incorporates paragraphs 1-10 of Count I as paragraphs 1-10 of Count III of his Complaint.

> **ANSWER:** Belvidere re-alleges and incorporates by reference its answers to paragraphs 1 through 10 of Hallstrom's complaint as its answer to paragraphs 1 through 10 of count III.

11. The Defendant discriminated against Hallstrom in that it terminated Hallstrom from employment on April 15, 2003 from his position as firefighter for the Defendant, due to or because of Hallstrom's disability.

**ANSWER:**   Belvidere denies the allegations of paragraph 11 of count III.

12.   Defendant's actions are in direct violation of Title I of the ADA.

**ANSWER:**   Belvidere denies the allegations of paragraph 12 of count III.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to plaintiff's complaint, defendant, the City of Belvidere, states as follows:

### First Affirmative Defense

The complaint of plaintiff, Joel Hallstrom, fails to set forth facts upon which this court could grant relief.  Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

On information and belief, plaintiff, Joel Hallstrom, has failed to act reasonably to mitigate his claimed damages.

### Third Affirmative Defense

Plaintiff, Joel Hallstrom's, claims fail because he is not a qualified individual with a disability in that he could not perform the essential functions of the job for which he was hired with accommodation.

### Fourth Affirmative Defense

Plaintiff, Joel Hallstrom's, claims fail because the City of Belvidere acted reasonably to accommodate his disability.

-6-

For all of the foregoing reasons, defendant, the City of Belvidere, prays this Court for entry of an order dismissing plaintiff's complaint, with prejudice.

    /s/ Stephen E. Balogh
Stephen E. Balogh
Attorney for defendant,
THE CITY OF BELVIDERE
WilliamsMcCarthyLLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL 61105-0219
Telephone: (815) 987-8946
Facsimile: (815) 968-0019
E-mail: sbalogh@wilmac.com

-7-

## **CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on December 20, 2006, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Attorney Stacy M. Moore
>Reno & Zahm
>2902 McFarland Road, Suite 400
>Rockford, IL  61107

>        /s/  Stephen E. Balogh
>Stephen E. Balogh
>Attorney for defendant,
>THE CITY OF BELVIDERE
>WilliamsMcCarthy LLP
>120 W. State St., Suite 400
>P.O. Box 219
>Rockford, IL  61105-0219
>Telephone:  (815) 987-8946
>Facsimile:  (815) 968-0019
>E-mail:  sbalogh@wilmac.com